U.S. District Court
Wisconsin Eastern
SEP 3 0 2026
FILED
Clerk of Court

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

JASON SETZER,
Plaintiff,

v.

BLUE FROG PROPERTY MANAGEMENT LLC,
Defendant.

Case No. ____________________

# COMPLAINT

## I. PARTIES

1. Plaintiff Jason Setzer is a tenant residing in Green Bay, Wisconsin.

2. Defendant Blue Frog Property Management LLC is a property management company that manages the rental dwelling at issue and acts as the landlord/property owner's agent.

## II. JURISDICTION AND VENUE

3. This action arises under the Fair Housing Act, 42 U.S.C. § 3604(f).

4. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 and jurisdiction under 42 U.S.C. § 3613.

5. Venue is proper in the Eastern District of Wisconsin because the rental dwelling and the events described in this Complaint are located in Green Bay, Wisconsin.

## III. FACTUAL ALLEGATIONS

6. Plaintiff has lived in the rental dwelling since approximately July 2024.

7. Plaintiff has a disability for which an assistance/emotional-support animal provides disability-related support.

8. Defendant knew about and permitted Plaintiff's assistance animal in the dwelling.

9. On or about August 23, 2026, an incident occurred outside involving Plaintiff's dog and another dog.

10. Plaintiff was inside the dwelling when the interaction began and did not personally witness how it started or everything that occurred before he was alerted.

11. After being alerted that the dogs were fighting, Plaintiff immediately went outside and brought his dog inside.

12. Plaintiff cooperated with law enforcement and provided requested information and paperwork.

13. To the best of Plaintiff's knowledge, neither Plaintiff nor his dog was issued a citation, and the dog was not seized or removed by law enforcement.

14. Plaintiff later learned that the other dog may have received veterinary treatment or generated a veterinary bill, but Plaintiff does not have personal knowledge of all circumstances concerning that treatment.

15. On September 28, 2026, Defendant provided Plaintiff with a written five-day notice concerning the dog.

16. The notice states that Plaintiff's dog was "involved in a dog bite incident" and identifies a "safety concern."

17. The notice requires removal of the dog and threatens consequences to Plaintiff's tenancy if the dog is not removed.

18. Plaintiff disputes that permanent removal of his assistance animal is required under the circumstances.

19. Plaintiff promptly communicated with Defendant and offered reasonable safety measures, including keeping the dog on a leash whenever outside and preventing contact with other dogs.

20. Plaintiff is willing to comply with reasonable safety conditions designed to prevent another incident.

21. Plaintiff is not asking for permission for the dog to run loose or interact with other animals. Plaintiff seeks to remain in his home with his assistance animal while using reasonable safety measures.

22. Defendant's notice creates an immediate risk that Plaintiff will lose his housing or be forced to separate from his assistance animal before a court can review whether the requested accommodation may be maintained with reasonable safety conditions.

23. Plaintiff is not aware of any history of similar incidents involving his dog that Defendant has identified as a basis for the notice.

24. Plaintiff has attempted to resolve the matter directly and has expressed willingness to follow reasonable safety measures.

## IV. FAIR HOUSING ACT CLAIM

25. Plaintiff incorporates paragraphs 1 through 24 as though fully set forth here.

26. The Fair Housing Act prohibits discrimination in the terms, conditions, or privileges of a dwelling because of disability. 42 U.S.C. § 3604(f)(2).

27. The Act requires reasonable accommodations in rules, policies, practices, or services when such accommodations may be necessary to afford a person with a disability an equal opportunity to use and enjoy a dwelling. 42 U.S.C. § 3604(f)(3)(B).

28. Plaintiff's assistance animal is related to his disability and is part of the accommodation Plaintiff seeks to maintain in his home.

29. Plaintiff has proposed specific safety measures, including keeping the dog leashed outside and preventing contact with other dogs.

30. The Fair Housing Act contains a limitation concerning an animal that poses a direct threat to the health or safety of others or would cause substantial physical damage to the property of others. 42 U.S.C. § 3604(f)(9).

31. Defendant's demand for permanent removal of Plaintiff's assistance animal, without adequately considering whether reasonable safety measures can address the stated concern, interferes with Plaintiff's requested accommodation.

32. Plaintiff reserves the right to amend this Complaint as additional facts or documents become available.

## V. IMMEDIATE NEED FOR RELIEF

33. Defendant's September 28, 2026 notice creates an immediate risk of adverse housing action and separation from Plaintiff's assistance animal.

34. Plaintiff is filing a separate Motion for Temporary Restraining Order and Preliminary Injunction, supported by a declaration and proposed order.

## VI. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully asks the Court to:

A. Declare the parties' rights under the Fair Housing Act;

B. Temporarily and preliminarily enjoin enforcement of the September 28, 2026 notice to the extent it requires permanent removal of Plaintiff's assistance animal or loss of Plaintiff's tenancy before judicial review;

C. Enjoin Defendant from taking adverse housing action solely because Plaintiff does not permanently surrender his assistance animal while the Court considers the accommodation dispute;

D. Permit reasonable interim safety measures, including keeping the dog leashed outside and preventing contact with other dogs;

E. Award Plaintiff actual damages and any other damages or relief authorized by law;

F. Award costs and any other relief authorized by 42 U.S.C. § 3613; and

G. Grant such other relief as the Court deems just and proper.

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: 9-30-26, 2026

Respectfully submitted,

Jason Setzer

1733 Smith Street

Green Bay, Wisconsin 54302

Phone: 279-239-96-96

Email: JSetzer1977@gmail.com

Plaintiff, Pro Se