**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**JASON SETZER,**

**Plaintiff,**

**v.** **Case No. 26-CV-1803**

**BLUE FROG PROPERTY MANAGEMENT LLC,**

**Defendant.**

# ORDER

**1. Background.**

Plaintiff, Jason Setzer, brings this action against defendant, Blue Frog Property Management LLC, alleging violations of the Fair Housing Act, 42 U.S.C. § 3604. Setzer rents a Blue Frog property and lives with an emotional support animal, a dog. Setzer reports that he provided documentation from a psychologist demonstrating his disability-related need for the dog, and Blue Frog permitted the dog to live on the property.

On or about August 23, 2026, Setzer was alerted to a "dog incident" involving his dog and another dog fighting. Setzer reports that he brought his dog inside and cooperated with law enforcement regarding the matter. To Setzer's knowledge, he was not issued a citation following the incident.

On September 28, 2026, Blue Frog issued a five-day notice requiring Setzer to either remove his dog from Blue Frog's property or to vacate the property by October

4, 2026. The notice states that Blue Frog may commence eviction proceedings against Setzer if he fails to comply with its terms. Setzer reports that he promptly communicated with Blue Frog following his receipt of this notice and requested Blue Frog to consider "reasonable safety measures," including requiring the dog to be leashed when outside and keeping it away from other dogs, in lieu of removal or vacation.

Setzer argues that Blue Frog's notice creates an "immediate risk of adverse housing action and separation from [his] assistance animal." (ECF No. 1, ¶ 33.) He requests a temporary restraining order and preliminary injunction to "preserve the housing status quo" by preventing Blue Frog from enforcing its five-day notice to require removal of Setzer's dog or vacation of the property. Setzer has expressed a willingness to temporarily house his dog elsewhere while the court considers this dispute. Setzer additionally filed a motion seeking to proceed with his Fair Housing Act claim in forma pauperis. (ECF No. 4.)

**2. Temporary Restraining Order.**

"A temporary restraining order ... is an emergency remedy issued to maintain the status quo until a hearing can be held on an application for a preliminary injunction." *Abbott Labs. v. Andrx Pharm., Inc.*, No. 05 C 1490, 2005 U.S. Dist. LEXIS 12004, at *3 (N.D. Ill. May 20, 2005). It is "an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it." *Cassell v. Snyders*, 990 F.3d 539, 544 (7th Cir. 2021). A temporary restraining order differs from a preliminary injunction in that it is resolved on an expedited basis, usually on the

barest of facts, and often ex parte. Given these circumstances, it is short in duration—initially no more than 14 days, Fed. R. Civ. P. 65(b)(2).

**2.1.Compliance with Fed. R. Civ. P. 65.**

A movant seeking a temporary restraining order must show, through "specified facts in an affidavit or a verified complaint," that "immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition;" and the movant must also "certif[y] in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). Notice does not require formal service; informal communication of the movant's intent to seek a temporary restraining order with the adverse party or their attorney is sufficient. *Henry v. Milwaukee Cnty. Clerk of Ct.*, No. 25-CV-2038-BHL, 2026 U.S. Dist. LEXIS 2213, at *3 (E.D. Wis. Jan. 7, 2026) (citing to Fed. R. Civ. P. 65(b) advisory committee's note to 1966 amendment). A preliminary injunction, by contrast, can only be issued on notice to the adverse party. Fed. R. Civ. P. 65(a)(1). Once a movant has complied with the respective notice requirement, the legal standard for the issuance of a temporary restraining order is otherwise the same as that applicable to a preliminary injunction. *CWPMI, Inc. v. Lahey*, No. 2:25-CV-00308-GSL-AZ, 2025 U.S. Dist. LEXIS 139803, at *3 (N.D. Ind. July 22, 2025).

Setzer's motion does not contain any indication that he has complied with the notice requirements of Fed. R. Civ. P. 65(b)(1). Notably, his declaration was sworn under penalty of perjury, in compliance with Fed. R. Civ. P. 65(b)(1)(A). However, although his motion mentions communications with Blue Frog in an attempt to

resolve the dog issue, it does not contain any indication that Setzer attempted to provide Blue Frog with informal notice of his intention to seek a temporary restraining order, nor does it offer any reasons why this basic notice might be impractical or should not be required. Deficient notice under Fed. R. Civ. P. 65(b)(1)(B) alone is fatal to a request for a temporary restraining order. *See Henry*, 2026 U.S. Dist. LEXIS 2213, at *4 (denying a pro se movant's request for a TRO for failure to comply with Fed. R. Civ. P. 65(b)(1)); *see also Alli Muhammad v. Cannon*, 25-CV-0491-BHL, 2025 U.S. Dist. LEXIS 82845, at *9 (denying a pro se movant's request for a TRO for failure to provide notice to adverse party or to explain why it should not be required).

**2.2.Irreparable Harm and Adequacy of Traditional Legal Remedies.**

The court's assessment of whether to grant a preliminary injunction or a temporary restraining order proceeds in two phases. *See Valencia v. City of Springfield*, 883 F.3d 959, 965 (7th Cir. 2018). First is the threshold phase where the plaintiff must show that "(1) it will suffer irreparable harm in the period before the resolution of its claim; (2) traditional legal remedies are inadequate; and (3) there is some likelihood of success on the merits of the claim." *HH-Indianapolis, LLC v. Consol. City of Indianapolis*, 889 F.3d 432, 437 (7th Cir. 2018). If the plaintiff satisfies all three elements in the first phase, the analysis proceeds to the balancing phase where "the court weighs the harm of denying an injunction to the movant against the harm of granting an injunction to the nonmovant. This is done using a sliding scale—the greater the movant's likelihood of success on the merits, the less the harms need

be in its favor." *GrubHub Inc. v. Relish Labs LLC*, 80 F.4th 835, 844 (7th Cir. 2023). Thus, even if Setzer could demonstrate that Blue Frog had notice of his intent to seek a temporary restraining order, he would then need to demonstrate irreparable harm, a likelihood of success on the merits, and the inadequacy of traditional legal remedies.

Setzer does not allege that eviction proceedings have been initiated or are pending against him; at most, the five-day notice provides that Blue Frog "*may* commence eviction proceedings" if Setzer does not cure the alleged breach. (ECF No. 3-1 at 2) (emphasis added). Such a harm is speculative and not specific enough to warrant a finding of the kind of immediate, irreparable harm needed to justify a temporary restraining order. *See Hoffman v. Passages, Inc.*, 26-CV-450-WMC, 2026 U.S. Dist. LEXIS 114294, at *4–5 (W.D. Wis. May 22, 2026) (movant who received a five-day notice that threatened future eviction proceedings failed to provide specific evidence of immediate, irreparable harm where such proceedings had yet to be initiated). Therefore, the allegations in Setzer's complaint are insufficient to demonstrate that the court's intervention is appropriate at this stage.

Moreover, evictions do not happen instantaneously even when proceedings begin; Blue Frog would need to obtain a judgment in a Wisconsin court before it could evict Setzer from the property. In the meantime, Setzer would have the opportunity to assert his Fair Housing Act claim as an affirmative defense to the eviction action. This protracted timeline does not warrant the court's use of an "extraordinary and drastic remedy" like a temporary restraining order. *Goodman v. Ill. Dep't of Fin. & Prof'l Regulation*, 430 F.3d 432, 437 (7th Cir. 2005). Given his ability to raise his

claims in a state court proceeding, Setzer is unable to demonstrate that traditional legal remedies are inadequate to address the alleged harms at issue.

In sum, even if Setzer's motions for a temporary restraining order and preliminary injunction (ECF No. 2) were not procedurally deficient, Setzer is nonetheless plainly unable to establish irreparable harm or the inadequacy of traditional legal remedies. Accordingly, his motions will be **denied**. As two of the required threshold phase elements are not met, the court need not and will not evaluate the third element—likelihood of success on the merits—at this time.

**3. Motion to Proceed In Forma Pauperis.**

District courts "may authorize the commencement, prosecution or defense of any suit, action or proceeding … without prepayment of fees or security therefor," provided the litigant seeking waiver of fees and costs submits an affidavit including a statement of his assets and his belief that he is entitled to relief. 28 U.S.C. § 1915(a)(1).

Having reviewed Setzer's affidavit, the court concludes that Setzer has not demonstrated that he lacks the resources to pay the filing fee. Setzer's affidavit notes that he receives $24.67 per hour. (ECF No. 4 at 2.) Assuming a typical 40-hour work week, this equates to a monthly gross income of $4,276.13. Setzer also reports monthly expenses of $2,500.00. (ECF No. 4 at 3.) When an applicant has monthly disposable income greater than the amount of the filing fee, this indicates a "probable ability to pay the full filing fee." *Whiteaker v. Grones*, No. 26-C-1492, 2026 U.S. Dist.

LEXIS 198471, at *3–4 (E.D. Wis, Sep. 2, 2026). Accordingly, Setzer's Request to Proceed in District Court without Prepaying the Filing Fee is **denied**.

**IT IS THEREFORE ORDERED** that Setzer's motion for a temporary restraining order and preliminary injunction (ECF No. 2) is **denied** without prejudice.

**IT IS FURTHER ORDERED** that Setzer's motion to proceed in forma pauperis (ECF No. 4) is **denied**. If Setzer wishes to proceed with this action, he shall pay the filing fee within 21 days of the date of this order. Failure to do so will result in the dismissal of his case without prejudice.

**SO ORDERED.**

Dated at Green Bay, Wisconsin this 5th day of October, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
United States District Judge