**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**JASON SETZER,**

**Plaintiff,**

**v.** **Case No. 26-CV-1803**

**BLUE FROG PROPERTY MANAGEMENT LLC,**

**Defendant.**

# ORDER

Before the court is Plaintiff Jason Setzer's motion for reconsideration (ECF No. 9). Because the court's prior order (ECF No. 8) did not resolve the action, it remains subject to revision under Federal Rule of Civil Procedure 54(b). See Fed. R. Civ. P. 54(b) (providing that an interlocutory order "may be revised at any time" before entry of final judgment). Setzer seeks reconsideration of the court's denial of his requests for emergency relief and to proceed with this action in forma pauperis.

**1. Request for Emergency Relief**

The court's denial of Setzer's prior request for emergency relief rested in part on Setzer's lack of compliance with Federal Rule of Civil Procedure 65(b)(1)(B), which requires that a movant seeking a temporary restraining order must "certif[y] in writing any efforts made to give notice and the reasons why it should not be required." Setzer's prior motion did not contain such a certification. (*See* ECF No. 2.) Setzer now

asserts that he did provide Blue Frog notice of his intention to seek emergency relief, and he seeks reconsideration of the court's decision. Setzer reports that he emailed Shannon Drewiske and Jackie Hanus of Blue Frog on October 2, 2026, and "expressly stated that [he] had filed in [this court] and was seeking a temporary restraining order and ultimately preliminary injunctive relief concerning Blue Frog's demand that his assistance animal be permanently removed." (ECF No. 9 at 1.) Although Setzer did not send this email until after his motion had been filed, Blue Frog nonetheless received informal notice "before the order is [ruled upon]." *See* Fed. R. Civ. P. 65(b), advisory committee's note to 1966 amendment (explaining that the opposition should be heard, if feasible, before granting a TRO given the potentially drastic consequences of such a grant). On reconsideration, the court being apprised of this new information, Setzer has complied with the Rule's informal notice requirements.

However, procedural deficiencies were not the only reason why emergency relief was found to be unwarranted—Setzer's initial motion also failed to demonstrate both that irreparable harm resulted from Blue Frog's actions and that available legal remedies were insufficient to redress this harm. (*See* ECF No. 8.) In his motion for reconsideration, Setzer argues that two primary sources of harm were not adequately considered—the "direct and immediate threat to [his] housing and his ability to keep his [assistance] animal in his home;" and the temporary relocation of his dog "[i]n response to that threat" along with associated expenses. (ECF No. 9 at 2.)

Regarding relocation expenses, these do not demonstrate irreparable harm in this case. "Purely economic harms are generally not irreparable, as money lost may be recovered later, in the ordinary course of litigation." *Idaho v. Coeur d'Alene Tribe*, 794 F.3d 1039, 1046 (9th Cir. 2015). *See also Nat'l Insts. of Health v. Am. Pub. Health Ass'n*, 145 S. Ct. 2658, 2660 (2025) ("the loss of money is not typically considered irreparable harm"). Though Setzer claims economic injury, he does not specifically identify those expenses, nor does he explain why they could not be recovered through an award of damages. This claimed economic injury does not establish irreparable harm on the present record.

Setzer also describes the five-day notice as creating a "direct and immediate threat" to his housing and argues that "the absence of a formal eviction does not eliminate…the need for judicial review." (ECF No. 9 at 2.) But here, Setzer misunderstands the stakes of his request. The issue is not whether he has recourse to seek judicial review of Blue Frog's alleged Fair Housing Act violation. The issue is whether that review necessitates the "extraordinary and drastic remedy" of a temporary restraining order. *Goodman v. Ill. Dep't of Fin. & Prof'l Regulation*, 430 F.3d 432, 437 (7th Cir. 2005).

As noted in the court's previous order, the mere threat of an eviction proceeding where one has yet to be commenced is not a specific enough showing of immediate, irreparable harm. *See Hoffman v. Passages, Inc.*, No. 26-CV-450-WMC, 2026 U.S. Dist. LEXIS 114294, at *4–5 (W.D. Wis. May 22, 2026); *see also A.B. v. Hous. Auth. of South Bend*, No. 3:11 CV 163 PPS, 2011 U.S. Dist LEXIS 75192, at

*17 (N.D. Ind. July 8, 2011) (finding that plaintiff failed to demonstrate irreparable harm even where an eviction proceeding was filed following commencement of plaintiff's federal court action). Moreover, Setzer has not adduced any new allegations that would indicate he is unable to raise discrimination under the Fair Housing Act in defense of any hypothetical eviction action Blue Frog might file. Thus, Setzer has not demonstrated irreparable harm arising from Blue Frog's actions, nor has he demonstrated the inadequacy of available legal remedies to address alleged injuries those actions have caused. Because he remains unable to meet those necessary thresholds, Setzer's motion for reconsideration will be **denied** with respect to his requests for emergency relief.

**2. Ability to Pay the Filing Fee**

With respect to his application to proceed in forma pauperis, Setzer states: "Plaintiff respectfully clarifies that he is not claiming that he could never physically obtain the $405 filing fee." (ECF No. 9 at 1.) He later reiterates that "the issue is not whether Plaintiff could technically remove $405 from one paycheck." (ECF No. 9 at 2.) Setzer clarifies that his take-home pay is only $1450–$1550 biweekly and estimates his monthly expenses to be higher than he did on his original application ($2958 as opposed to $2500). Thus, his argument is not that he is unable to pay the fee, but that doing so would "materially impair his ability to meet ordinary and necessary expenses" by "diverting $405 from funds needed to maintain his household." (*See* ECF No. 9 at 2.)

While the court is sympathetic to the hardship created by an unexpected $405 payment, *see Report on the Economic Well-Being of U.S. Households*, Board of Governors of the Federal Reserve System (May 13, 2026), https://www.federalreserve.gov/consumerscommunities/sheddataviz/unexpectedexpenses.html (reporting that only 63% of Americans could cover an unexpected $400 expense using cash or its equivalent), filing fees nonetheless serve an important public purpose by screening frivolous lawsuits out of the federal courts. *See, e.g.*, *In re Stump*, 449 F.2d 1297, 1298 (1st Cir. 1971) (per curiam) (observing that it is "all too easy to file suits…if it costs nothing whatever to do so"). It is for this reason that 28 U.S.C. § 1915(a) gives district courts discretion to waive filing fees only for those litigants who are "*unable* to pay" (emphasis added).

The U.S. Supreme Court has clarified that this language does not require complete destitution, but that a litigant has sufficiently demonstrated poverty under the statute when he demonstrates that payment of the fee would impair his ability to provide necessities for himself and his dependents. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–340 (1948), *superseded by statute*. Moreover, "[t]here is a liberal policy toward permitting proceedings in forma pauperis when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay." *Lipsey v. T-Mobile USA, Inc.*, No. 20-1056-JAR-KGG, 2020 U.S. Dist. LEXIS 38111, at *1 (D. Kan. Mar. 5, 2020). In *Adkins*, the Court found an affidavit in which the affiant asserted that because of his poverty he could not "pay or give security for the costs…and still be able to provide" himself and his dependents "with the

necessities of life" sufficient to allow the affiant to proceed with his suit in forma pauperis. *Adkins*, 335 U.S. at 339–340. This language is substantially similar to the statements made by Setzer in his motion for reconsideration. (*See* ECF No. 9 at 1–2.) In light of Setzer's assertions of financial hardship, his providing of more detailed financial information in his motion that demonstrates less disposable income, and the liberal policy towards proceedings in forma pauperis, Setzer has demonstrated an inability to pay the full filing fee. Thus, Setzer's motion for reconsideration will be **granted** with respect to his request to proceed in forma pauperis.

Nonetheless, "every litigant has a legal responsibility to pay the filing and docketing fees to the extent feasible." *Longbehn v. United States*, 169 F.3d 1082, 1083 (7th Cir. 1999). Based upon the financial information contained in Setzer's motion, the court concludes that he has the financial resources to pay a portion of the filing fee. Taking the low side of Setzer's stated biweekly take-home income, Setzer has a monthly take-home income of $3,141.67. (*See* ECF No. 9 at 2.) He also reports "necessary recurring obligations" of $2958.00. *See id.* Therefore, based upon his motion, Setzer has at least $183.67 of monthly disposable income that could be utilized to pay the costs of this action. *See Zaun v. Dobbin*, 628 F.2d 990, 993 (7th Cir. 1980); *Bryan v. Johnson*, 821 F.2d 455 (7th Cir. 1987), *superseded by statute*; *Dotson v. Blood Ctr.*, 988 F. Supp. 1216, 1218 (E.D. Wis. 1998); *Longbehn*, 169 F.3d at 1083; *Bell v. Affinity Health Greenville*, 2011 U.S. Dist. LEXIS 72964 (E.D. Wis. July 6, 2011).

As to what partial amount Setzer should pay, the Prison Litigation Reform Act ("PLRA") is nonetheless helpful to the court in guiding its determination, even though Setzer is not incarcerated. *See, e.g., Lane v. Pollard*, 2011 U.S. Dist. LEXIS 111024 (W.D. Wis. Sept. 26, 2011). Under the PLRA, an individual is presumed capable of paying up to 20% of his average monthly income or his assets towards the filing fee. 28 U.S.C. § 1915(b)(1). Thus, the court shall order the plaintiff to pay a filing fee of $36.73. This represents 20% of the $183.67 the plaintiff states he receives each month beyond that which is necessary to cover his expenses. The plaintiff shall pay the partial filing fee of $36.73 not later than 28 days following entry of this order. **<u>Failure to pay the $36.73 partial filing fee within 28 days of entry of this order shall result in this matter being dismissed.</u>** Upon payment of the $36.73 filing fee, the requirement that the plaintiff pre-pay the remaining $368.27 shall be waived.

**3. Screening—Applicable Law**

Because the court is reducing Setzer's filing fee, it must determine whether his complaint is legally sufficient to proceed. 28 U.S.C. § 1915.

Congress sought to ensure that no citizen would be denied the opportunity to commence a civil action in any court of the United States solely due to poverty. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Adkins*, 335 U.S. at 342). However, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989), *superseded by statute*). To balance these

competing concerns, before the court can allow a plaintiff to proceed in forma pauperis it must determine that the case neither (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, nor (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Thus, although "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), a pro se complaint must meet these minimal standards before the court shall grant a plaintiff leave to proceed in forma pauperis.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton*, 504 U.S. at 31; *Neitzke*, 490 U.S. at 325. Although factual allegations must be weighed in favor of the plaintiff, that does not mean that the court is required to accept without question the truth of the plaintiff's allegations. *Denton*, 504 U.S. at 32. Thus, a court may dismiss a claim as frivolous if it is "clearly baseless," "fanciful," "fantastic," "delusional," "irrational," "wholly incredible," or "based on an indisputably meritless legal theory." *Id.* at 32-33. A court may not dismiss a claim as frivolous simply because "the plaintiff's allegations are unlikely." *Id.*

A claim might not be frivolous or malicious but nonetheless fail to state a claim upon which relief may be granted and, therefore, be subject to dismissal. In determining whether a plaintiff has stated a claim, under 28 U.S.C. § 1915(e)(2)(B)(ii) the court applies the same well-established standards applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224

F.3d 607, 611 (7th Cir. 2000), *abrogated on other grounds by Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the allegations in a complaint need not be detailed, a complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks, citation, and brackets omitted). The complaint must be sufficiently detailed "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (quotation marks and ellipses omitted).

If the complaint contains well-pleaded non-frivolous factual allegations, the court should assume the veracity of those allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

With the standards set forth in 28 U.S.C. § 1915(e)(2) in mind, the court turns to the allegations raised in the plaintiff's complaint, which the court accepts as true at this stage.

**4. Analysis**

Setzer brings a failure to accommodate claim under the Fair Housing Act, 42 U.S.C. § 3604(f)(3)(B). The Act prohibits discrimination on the basis of a renter's disability, where discrimination includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." *Id.* To pursue a failure to accommodate claim, a plaintiff's complaint must sufficiently allege that (1) the plaintiff has a disability, within the meaning of the Americans with Disabilities Act, 42 U.S.C. § 12102; (2) the defendant was aware of the plaintiff's disability; and (3) the defendant failed to reasonably accommodate the disability. *See Watters v. Homeowners' Ass'n*, 48 F.4th 779, 789 (7th Cir. 2022) (citations omitted).

An individual has a disability under the ADA if he has (1) a physical or mental impairment that substantially limits one or more major life activities; (2) a record of such impairment; or (3) is regarded as having such an impairment. 42 U.S.C. § 12102(1). "Labelling someone as 'disabled' under the ADA is a legal conclusion." *Stragapede v. City of Evanston*, 69 F. Supp. 3d 856, 861 (N.D. Ill. 2014) (citing *Weigel v. Target Stores*, 122 F.3d 461, 466 (7th Cir. 1997)). A bare assertion of a legal

conclusion does not provide sufficient factual material to serve as the basis for a claim. *Iqbal*, 556 U.S. at 679.

With respect to the first element of his failure to accommodate claim, Setzer's complaint provides the court with no information about his disability other than to say that he "has a disability." (ECF No. 1, ¶ 7.) Allegations relating to the second element—Blue Frog's knowledge of his disability—are similarly conclusory. (*See* ECF No. 1, ¶ 8) ("Defendant knew about and permitted Plaintiff's assistance animal in the dwelling."). Thus, under the *Iqbal* standard, Setzer's claim is deficient with respect to its first two elements. Although courts construe pro se complaints liberally, *see Erickson*, 551 U.S. at 94, pro se litigants nonetheless must provide sufficient factual detail to support a plausible claim for relief. *See Twombly*, 550 U.S. at 555. Because Setzer has failed to provide such factual detail, he has failed to state a proper claim for failure to accommodate.

"[W]hen a plaintiff—especially a pro se plaintiff—fails to state a claim in his first complaint, he should ordinarily be given a chance to amend." *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). Though this is not a per se rule, leave to amend should be granted where "frivolous factual allegations could be remedied through more specific pleading" or the absence of specific facts in a pleading results from the plaintiff's lack of legal training. *See Glenn v. Chisholm*, No. 22-CV-1369-BHL, 2022 U.S. Dist. LEXIS 230269, at *2 (E.D. Wis. Dec. 22, 2022) (quoting *Alston v. DeBruyn*, 13 F.3d 1036, 1039 (7th Cir. 1994)). Giving Setzer a chance to amend his complaint is appropriate in this case. Setzer shall file an amended complaint

containing more specific factual detail in support of his failure to accommodate claim within 28 days of the entry of this order; failure to do so will result in the dismissal of his case.

**IT IS THEREFORE ORDERED** that Setzer's motion for reconsideration is **granted in part and denied in part**. The motion is granted with respect to Setzer's request to proceed in forma pauperis. The motion is denied with respect to Setzer's request for a temporary restraining order and preliminary injunctive relief.

**IT IS FURTHER ORDERED** that If Setzer wishes to proceed with this action, he shall pay the partial filing fee of $36.73 not later than 28 days following entry of this order. **Failure to pay the $36.73 partial filing fee within 28 days of entry of this order shall result in this matter being dismissed.** Upon payment of the $36.73 filing fee, the requirement that the plaintiff pre-pay the remaining $368.27 shall be waived.

**IT IS FURTHER ORDERED** that if Setzer wishes to proceed with this action, he shall file an amended complaint not later than 28 days following the entry of this order. If an amended complaint is received by that deadline, the court will screen it as required by 28 U.S.C. § 1915(e)(2). If no amended complaint is received, the action shall be dismissed without prejudice for failure to prosecute pursuant to Civil L.R. 41(c).

Dated at Green Bay, Wisconsin this 23rd day of October, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge